**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **LICOBERT WILLIAMS,** | **PLAINTIFF** |
| **V.** | **NO. 4:08CV086-A-D** |
| **MYRTISS COBBING, et al.,** | **DEFENDANTS** |

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about receiving a Rule Violation Report ("RVR") for possessing contraband. More specifically, Williams was found with four marijuana cigarettes in his shoe. Plaintiff indicates that he was afforded a disciplinary hearing but he was not allowed to call a witness. Plaintiff has never denied that contraband was found in his shoe. Rather, he argues that another inmate placed the drugs in his shoe and, therefore, he was innocent. The disciplinary officer ultimately determined Plaintiff was guilty of the charged conduct and Plaintiff was placed in the behavior modification program. Plaintiff is asking to have the RVR expunged from his prison file along with compensatory damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the

event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. In reviewing state prison proceedings, the role of the federal courts is narrow. "The Supreme Court has articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operation of state penal institutions." *Williams v. Edwards*, 547 F.2d 1206, 1211-12 (5th Cir. 1977). The administrative decision of the disciplinary committee will be upheld as long as it was not arbitrary or capricious. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1982).

The right to call witnesses for a prison disciplinary hearing is a "limited right." *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979). An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Given the circumscribed nature of disciplinary proceedings, prison officials are not required to state their reasons for refusing to call a witness. *Thomas*, 603 F.2d at 490.

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *See Garcia v. Houston*, 39 F.3d 320, 19994 WL 612399 at *2 (5th Cir. 1994) (no constitutional violation for the refusal of testimony from an inmate witness at disciplinary hearing). Plaintiff was afforded a disciplinary hearing to challenge the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Furthermore, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief.

*Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (confiscation of property is not a constitutional violation); *see also Sharp v. Anderson*, 220 F.3d 587, 2000 WL 960568 at *1 (5th Cir. Jun. 15, 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns). Accordingly, Plaintiff's complaint has no merit and shall be dismissed.

The dismissal of Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Williams is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the   31st   day of July, 2008.

  /s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**